UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

AMERICA FIRST POLICY INSTITUTE,

*Plaintiff,*

-against-

U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

*Defendant.*

Civil Action No.

4:23-cv-00369

# COMPLAINT

1. America First Policy Institute ("AFPI") brings this complaint against the U.S. Department of Health and Human Services ("HHS") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Specifically, AFPI requests that the Court order HHS to make a determination within the meaning of FOIA and then immediately produce to AFPI all responsive documents that HHS has failed to produce.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

4. Plaintiff AFPI is a non-profit, non-partisan research institute organized under the laws of Texas with residency in Fort Worth, Texas. AFPI is dedicated to the advancement of policies that put the American people first. Its guiding principles are political, religious, and economic liberty, the rule of law, America-first foreign policy, and a belief that American workers, families, and communities are indispensable to the success of our country. In AFPI's view, it is the mandate of policymakers, from local school boards to the United States Congress, to advance and serve these interests above all others. AFPI accomplishes its mission, in part, through litigation, regulatory comment, FOIA requests, research papers and blog posts, and other public interest efforts.

5. Defendant HHS is an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS is in possession, custody, and control of the records responsive to AFPI's requests.

## STATUTORY FRAMEWORK

6. Under FOIA, federal agencies must release requested records to the public unless one or more specific statutory exemptions apply. 5 U.S.C. § 552(a)(3).

7. FOIA requires an agency to respond "within 20 [working] days . . . after the receipt of any such request," notifying the requester of the agency's "determination" whether or not to comply with the request, the reasons therefore, and the right to appeal any adverse determination to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

8. This 20-working-day requirement mandates "more than just an initial

statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

9. Rather, the agency must at least "gather and review the documents" and then specifically "determine and communicate the scope of the documents it intends to produce and withhold." *Id.*

10. Although FOIA provides that under "unusual circumstances," an agency may request an additional 10 days to make a determination, the agency must do so by "timely written notice" that "set[s] forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa), (a)(6)(B)(i).

11. Courts have jurisdiction to "order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Ordinarily, a FOIA requester must exhaust administrative appeal prior to seeking judicial remedy. But the requester is "deemed to have exhausted administrative remedies" if the agency violates the 20-day time limit. 5 U.S.C. § 552(a)(6)(C)(i).

12. The agency "may not assess any search fees" if it fails to comply with the 20-work-day time limit. 5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa).

13. FOIA also allows the court to assess "reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E).

## FACTUAL ALLEGATIONS

**Plaintiff's First FOIA Request**
**(FOIA Case No. 2021-01468-FOIA-OS (2021-01468-FOIA-PHS))**

14. On July 21, 2021, AFPI, through its employee, agent, and Director for AFPI's Center for American Freedom, James Sherk ("Mr. Sherk"), submitted a FOIA request to HHS for:

> copies of all e-mail communication between officers or employees of the OFFICE of the Assistant Secretary for Health that were either sent to, or received from the following e-mail domains between January 20, 2021 and the date of the completion of this request: @fb.com; @google.com; @twitter.com (Date Range for Record Search: From 1/20/2021 To 7/21/2021).

15. Mr. Sherk also sought expedited processing for this request.

16. On July 21, 2021, HHS sent an autoreply to Mr. Sherk that his FOIA request had been updated to "Received" status. The autoreply email came from noreplay@ains.com.

17. Between July 21, 2021, and August 10, 2021, this FOIA request's status was updated to "assigned for processing."

18. On August 10, 2021, having no other point of contact and having received no other communication, Mr. Sherk replied to noreply@ains.com, 20 days after his initial filing. He requested a status update on the FOIA request and his request for expedited processing.

19. On August 16, 2021, having received no response from HHS and 26 days having elapsed since AFPI's initial FOIA request, Mr. Sherk emailed FOIARequest@hhs.gov, inquiring as to the status of the FOIA request and attending request for expedited processing.

4

20. On August 25, 2021, more than a month after the initial request, Mr. Sherk again emailed FOIARequest@hhs.gov, asking for an update on the FOIA request and attending request for expedited processing.

21. On September 7, 2021, 48 days after AFPI's initial request, HHS, via the email address noreply@ains.com, notified Mr. Sherk that the case number had changed from "2021-01468-FOIA-OS" to "2021-01468-FOIA-PHS."

22. Likewise, on September 7, 2021, HHS Agent Kristine Zadrovitz ("Ms. Zadrovitz") emailed Mr. Sherk from her email address, Kristine.Zadrovitz@hhs.gov, with an accompanying FOIA acknowledgement letter. This acknowledgement letter informed Mr. Sherk that HHS would not be fulfilling the FOIA request as written.

23. HHS claimed that Mr. Sherk's request on behalf of AFPI was insufficiently precise, and that HHS required clarification and further specificity. Specifically, HHS requested that Mr. Sherk "identify specific individuals/custodians" of the records he was requesting.

24. To justify this determination, HHS claimed that it "cannot run a blind search against all users in HHS or an operating staff/division. Electronic searches run against our live email system and a search against all HHS employees would crash our system."

25. The acknowledgement letter, signed by Arianne Perkins, Director of HHS's Freedom of Information/Privacy Acts Division, informed Mr. Sherk that the initial FOIA request had been placed on "tolled" status and directed him to clarify his initial request by email to Ms. Zadrovitz at Kristine.Zadrovitz@hhs.gov.

26. Likewise, on September 7, 2021, Mr. Sherk was notified by noreply@ains.com that his FOIA request had been updated to a "On Hold – Need Info/Clarification" status.

27. On September 9, 2021, AFPI, via Mr. Sherk, emailed Ms. Zadrovitz, at Kristine.Zadrovotz@hhs.gov, and HHS, at FOIARequest@PSC.hhs.gov, the following modified request:

> I hereby request copies of all e-mail communications between the employees under the Office of the Assistant Secretary for Health listed below that: Were either sent to, or received from, the following e-mail domains between January 20, 2021 and September 9, 2021: @fb.com @google.com @twitter.com,
>
> OR
>
> Contain any of the following terms in the header or body of the e-mail:
>
> Facebook, Google, YouTube, Alphabet, Twitter, Misinformation, Fake News, Take Down, Narrative, Zuckerberg, Dorsey
>
> Covered employees:
>
> Rachel Levine; Elisabeth Handley; Sarah Boateng; Jacqueline Halbig; Ana Osorio; Lewissa Swanson; Guillermo Avilés Mendoza; Debbie Seem; Benjamin Eloff; Cecily Jackson; B. Kaye Hayes; Kate Migliaccio Grabill; Stephanie Cook; Paul Reed; Cheryl Hamlet-Collins; Yanique Edmond; Jaclyn Ruiz; Juliet Bui; Ahmed Calvo; David Henderson; Amber Channer; Kristen Honey; Arsenio y. Mataka; John Balbus; Donald Burgess; Maria Huynh; Lisa Lumford Clark; Daniel Nguyen; Judith L. Steinberg; Caroline Talev; Shenena Merchant; Max Lesko, Chief of Staff; Mary Bowman; Vivek Murthy; Alexandria Phillips; Adam Beckman; Matthew Kleiman; Jessica Scruggs; Serena Bian; Rafael Campos; Frederic Shaw; Tyiesha Short; Ana Vargas; Melea Atkins.

28. On September 10, 2021, via email, Ms. Zadrovitz acknowledged receipt of Mr. Sherk's modified request and informed Mr. Sherk that she had "forward [sic] it to the appropriate office to begin a search." She further informed Mr. Sherk that this FOIA "request is no longer placed on hold."

29. On September 13, 2021, via email, Ms. Zadrovitz informed Mr. Sherk that HHS could not fulfil part of his modified request—specifically, certain employees' emails "could not be searched either because they are no longer employees or employees at other agencies outside of HHS. Jacqueline Halbig; Ana Osorio; Cecily Jackson; B. Kaye Hayes, Kate Migliaccio Grabill; Cheryl Hamlet-Collins – FDA; Ahmed Calvo – HRSA; Daniel Nguyen; Matthew Kleiman; Frederic Shaw – CDC; Ana Vargas."

30. On June 14, 2022, an email from noreply@ains.com informed Mr. Sherk that "[t]he status of your FOIA request #2021-01468-FOIA-PHS has been updated to the following status 'In Process.'" This was 278 days after AFPI filed its modified request and 328 days after AFPI filed its initial request.

31. Between September 14, 2021, and June 14, 2022, neither HHS nor its agents had sent any other communication to Mr. Sherk regarding FOIA request 2021-c01468-FOIA-PHS.

32. At no point after AFPI's initial request on July 21, 2021, or its modified request on September 9, 2021, has HHS or its agents informed Mr. Sherk of the scope of documents HHS would produce pursuant to the request, or of the scope of the documents it would withhold under a FOIA exemption.

33. Since June 14, 2022, Mr. Sherk has received no further communications regarding 2021-01468-FOIA-PHS from HHS or its agents.

34. As of the filing of this complaint, more than 625 days have passed since AFPI, via Mr. Sherk, initially filed this request.

**Plaintiff's Second FOIA Request**
**(FOIA Case No. 2021-01723-FOIA-PHS)**

35. On September 10, 2021, AFPI, through Mr. Sherk, submitted a FOIA request to HHS regarding internal communications between HHS personnel that referenced its earlier FOIA request. This FOIA request sought:

> all HHS e-mail communications pertaining to FOIA request 2021-01468-FOIA-PHS (formerly designated request 2021-01468-FOIA-OS) between July 21, 2021 and September 10, 2021. This includes all e-mails to/from HHS staff discussing the request and how to respond to it.

36. Mr. Sherk also requested a fee waiver for this request.

37. Between September 10, 2021, and September 16, 2021, HHS closed the FOIA request that Mr. Sherk submitted. HHS did not notify Mr. Sherk of the request's closure.

38. Only when Mr. Sherk reviewed HHS's FOIA portal website did he discover that HHS closed the FOIA request.

39. On September 16, 2021, Mr. Sherk emailed both Ms. Zadrovitz at Kristine.Zadrovitz@hhs.gov and FOIARequest@hhs.gov inquiring about HHS closing the request and seeking answers as to why the request was closed.

40. On September 16, 2021, Ms. Zadrovitz responded, via email, that "[r]equest 2021-01723-FOIA-PHS was closed as a duplicate to your request 2021-01468-FOIA-PHS."

41. Mr. Sherk immediately replied to Ms. Zadrovitz, stating that "2021-01723-FOIA-PHS is intended as a new request covering internal HHS communications regarding . . . 2021-01468-FOIA-PHS."

42. Within the hour, Ms. Zadrovitz responded to Mr. Sherk notifying him his FOIA request would be reopened.

43. On September 16, 2021, Ms. Zadrovitz emailed Mr. Sherk an acknowledgement letter that acknowledged HHS had received the September 10, 2021 FOIA request.

44. The acknowledgement letter qualified AFPI's request as "unusual circumstances" because fulfilling the request would "require a search in another office." HHS declared that, due to the unusual circumstances qualification, it would be extending the time limit to respond to the FOIA request by a statutorily permitted 10 additional days, citing 5 U.S.C. 552 § (a)(6)(b)(i)-(iii).

45. HHS thereafter admitted that it "estimate[d] needing more than 10 additional days to respond to the request."

46. HHS then, via its acknowledgement letter, invited Mr. Sherk to narrow the scope of the FOIA request.

47. At no point after AFPI's initial request on September 10, 2021, or HHS's correction to the improper closure on September 16, 2021, has HHS or its agents informed Mr. Sherk of the scope of documents HHS would produce pursuant to the request, or of the scope of the documents it would withhold under any applicable FOIA exemptions.

48. Since September 16, 2021, Mr. Sherk has received no further communications regarding 2021-01723-FOIA-PHS from HHS or its agents.

49. As of the filing of this complaint, more than 575 days have passed since AFPI, via Mr. Sherk, initially filed this request.

**Plaintiff's Third FOIA Request**
**(FOIA Case No. 2021-01733-FOIA-PHS)**

50. On September 15, 2021, AFPI, through Mr. Sherk, submitted a FOIA request to HHS regarding communications between HHS employees working withing the Office of the Assistant Secretary for Health ("OASH"). This FOIA request sought:

> copies of all e-mail communications between the HHS employees in listen [sic] in the attached spreadsheet that:
>
> Were either sent to, or received from, the following e-mail domains between January 20, 2021 and September 9, 2021:
>
> @fb.com @google.com @twitter.com,
>
> OR
>
> Contain any of the following terms in the header or body of the e-mail:
>
> Facebook, Google, YouTube, Alphabet, Twitter, Misinformation, Fake News, Take Down, Narrative, Zuckerberg, Dorsey.
>
> This request pertains to e-mail communications between January 20, 2021 and September 15, 2021.

51. Mr. Sherk also sought expedited processing for this request.

52. This FOIA request contained an attached excel spreadsheet with the names, job title, duty station, and employment component of one hundred seventy-four OASH employees. The attached excel spreadsheet is attached hereto as Exhibit 1.

53. On September 15, 2021, HHS sent an autoreply to Mr. Sherk that the FOIA request had been received and had been assigned the case number 2021-01733-FOIA-PHS. The autoreply email came from noreplay@ains.com.

54. On September 21, 2021, Ms. Zadrovitz, via email, sent Mr. Sherk an acknowledgment letter.

55. The acknowledgement letter, signed by Arianne Perkins, Director of HHS's Freedom of Information/Privacy Acts Division, informed Mr. Sherk that HHS denied his request for expedited processing for failure to demonstrate a compelling need and deferred on the question of fee assignment, citing uncertainty as to the applicable fee.

56. For the remainder of 2021, HHS sent no additional communications regarding FOIA request 2021-01733-FOIA-PHS to Mr. Sherk.

57. On February 18, 2022, having received no further information about this FOIA request from HHS, Mr. Sherk emailed both Ms. Zadrovitz, at Kristine.Zadovitz@hhs.com, and FOIARequest@HHS.gov to inquire about the request's status.

58. In response, 156 days after Mr. Sherk filed the initial request, Ms. Zadrovitz informed Mr. Sherk, via email, that her office at HHS was "working to process your request as soon as practicably possible" but that additional time would likely be needed because "the HHS FOIA officer has a backlog of FOIA requests," which are treated on a "first-in, first-out basis."

59. In the same email, Ms. Zadrovitz informed Mr. Sherk that one of the factors contributing to the delay was that once "the search results are received by this office, we carefully review the pages then determine what may be released pursuant to the FOIA statutes, Privacy Act laws, and HHS regulations." Ms. Zadrovitz, however, did not specify which FOIA statutory exemptions, if any, would apply to AFPI's request. Nor did she articulate the reach of those exemptions, if applicable.

60. Ms. Zadrovitz further informed Mr. Sherk that "an estimated completion date for your request as written is 48 months, or more." She then invited him to narrow the scope of his request.

61. On June 24, 2022, 282 days after AFPI's initial request, Mr. Sherk received an email from HHS, via noreply@ains.com, notifying him that FOIA request numbered 2021-01733-FOIA-PHS had been updated to "In Process" status.

62. At no point after his initial request on September 15, 2021, has HHS or its agents informed Mr. Sherk of the scope of documents HHS would produce pursuant to the request, or of the scope of the documents it would withhold under a FOIA exemption.

63. Since June 24, 2022, Mr. Sherk has received no further communications regarding 2021-01723-FOIA-PHS from HHS or its agents.

64. As of the filing of this complaint, more than 575 days have passed since AFPI, via Mr. Sherk, initially filed this request.

**Plaintiff's Fourth FOIA Request**
**(FOIA Case No. 2021-01734-FOIA-PHS)**

65. On September 15, 2021, AFPI, through Mr. Sherk, submitted a FOIA request to HHS regarding communications between HHS employees working withing the Office of the Surgeon General ("OSG"). This FOIA request sought:

> copies of all e-mail communications between the HHS employees in listen [sic] in the attached spreadsheet that:
>
> Were either sent to, or received from, the following e-mail domains between January 20, 2021 and September 9, 2021:
>
> @fb.com @google.com @twitter.com,
>
> OR
>
> Contain any of the following terms in the header or body of the e-mail:

12

>Facebook, Google, YouTube, Alphabet, Twitter, Misinformation, Fake News, Take Down, Narrative, Zuckerberg, Dorsey.
>
>This request pertains to e-mail communications between January 20, 2021 and September 15, 2021.

66. Mr. Sherk also sought expedited processing for this request.

67. The FOIA request contained an attached excel spreadsheet with the names, job title, duty station, and employment component of seventy-three OSG employees. The attached excel spreadsheet is attached hereto as Exhibit 2.

68. On September 15, 2021, HHS sent an autoreply to Mr. Sherk that his FOIA request had been received and had been assigned the case number 2021-01734-FOIA-PHS. The autoreply email came from noreply@ains.com.

69. On September 21, 2021, Ms. Zadrovitz, via email, sent Mr. Sherk an acknowledgment letter.

70. The acknowledgement letter, signed by Arianne Perkins, Director of HHS's Freedom of Information/Privacy Acts Division, informed Mr. Sherk that HHS denied his request for expedited processing for failure to demonstrate a compelling need and deferred on the question of fee assignment, citing uncertainty as to the applicable fee.

71. For the remainder of 2021, HHS sent no additional communications regarding FOIA request 2021-01734-FOIA-PHS to Mr. Sherk.

72. On February 18, 2022, having received no further information about this FOIA request from HHS, Mr. Sherk emailed both Ms. Zadrovitz, at Kristine.Zadovitz@hhs.com, and FOIARequest@HHS.gov, to inquire about the request's status.

73. In response, 156 days after Mr. Sherk filed the initial request, Ms. Zadrovitz informed Mr. Sherk, via email, that her office at HHS was "working to process your request as soon as practicably possible" but that additional time would likely be needed because "the HHS FOIA officer has a backlog of FOIA requests," which are treated on a "first-in, first-out basis."

74. In the same email, Ms. Zadrovitz informed Mr. Sherk that one of the factors contributing to the delay was that once "the search results are received by this office, we carefully review the pages then determine what may be released pursuant to the FOIA statutes, Privacy Act laws, and HHS regulations." Ms. Zadrovitz, however, did not specify which FOIA statutory exemptions, if any, would apply to AFPI's request. Nor did she articulate the reach of those exemptions, if applicable.

75. Ms. Zadrovitz further informed Mr. Sherk that "an estimated completion date for your request as written is 48 months, or more." She then invited him to narrow the scope of his request.

76. On June 24, 2022, 282 days after AFPI's initial request, Mr. Sherk received an email from HHS, via noreply@ains.com, notifying him that FOIA request numbered 2021-01734-FOIA-PHS had been updated to "'In Process'" status.

77. At no point after his initial request on September 15, 2021, has HHS or its agents informed Mr. Sherk of the scope of documents HHS would produce pursuant to the request, or of the scope of the documents it would withhold under a FOIA exemption.

78. Since June 24, 2022, Mr. Sherk has received no further communications regarding 2021-01723-FOIA-PHS from HHS or its agents.

79. As of the filing of this complaint, more than 575 days have passed since AFPI, via Mr. Sherk, initially filed this request.

**HHS Failed To Comply With Any Of AFPI's FOIA Requests**

80. To date, AFPI has received no responsive documents for any of its four FOIA requests from HHS.

81. HHS has acknowledged the receipt of AFPI's four FOIA requests but failed to make a "determination"—defined as "gather[ing] and review[ing] the documents" and specifically "determine[ing] and communicat[ing] the scope of the documents it intends to produce and withhold"—within 20 [working] days . . . after the receipt of" AFPI's requests.

82. Because HHS did not make and communicate a "determination" within the meaning of 5 U.S.C. § 552(a)(6)(A)(i) and within 20 working days of receiving AFPI's FOIA requests, AFPI is deemed to have exhausted its administrative appeal remedies under 5 U.S.C. § 552(a)(6)(C)(i), and this lawsuit is properly before the Court.

83. At bottom, HHS has wrongfully withheld the records AFPI has requested.

## CLAIMS FOR RELIEF

### COUNT I
*Failure to Comply with FOIA - 5 U.S.C. § 552*

84. AFPI repeats and re-alleges the allegations in the foregoing paragraphs as if set forth fully herein.

85. AFPI properly requested records that are within the possession, custody, and control of HHS.

86. HHS was required under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to AFPI's four FOIA requests.

87. HHS failed to make and communicate the "determination" as to each of AFPI's request to AFPI within 20 working days.

88. AFPI has constructively exhausted administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

89. Under 5 U.S.C. § 552(a)(3)(A), HHS was required to promptly produce all responsive records that are subject to FOIA disclosure.

90. HHS failed to produce the records responsive to AFPI's four FOIA requests.

91. AFPI is entitled to an order compelling HHS to conduct reasonable searches sufficient to locate responsive records and to promptly produce all responsive records.

92. To the extent that HHS seeks to invoke any of the applicable FOIA exemptions, AFPI is entitled to an order compelling the HHS to produce sufficiently detailed indexes justifying any attempted withholding of responsive records.

## COUNT II
*Preclusion of Assessment of Fees - 5 U.S.C. § 552*

93. AFPI repeats and re-alleges the allegations in the preceding paragraphs as if set forth fully herein.

94. AFPI is a non-profit organization that seeks the requested records for a scholarly purpose and not for a commercial use.

95. HHS failed to comply with the time limits under 5 U.S.C. § 552(a)(6).

96. HHS failed to provide timely written notice to AFPI of any unusual circumstances.

97. AFPI is entitled to a declaration that HHS may not assess any search

fees associated with any of AFPI's FOIA requests, pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

## PRAYER FOR RELIEF

**WHEREFORE**, AFPI respectfully asks that this Court enter judgment in its favor and to provide the following relief:

A. An order declaring that HHS has violated FOIA;

B. An order compelling HHS to expeditiously conduct a reasonable search for all records responsive to AFPI's four FOIA requests and to demonstrate that it employed search methods reasonably likely to lead to the discovery of responsive records;

C. An order compelling HHS to produce within 20 days, or at such other time that this Court deems proper, all records responsive to AFPI's FOIA requests that are subject to disclosure under FOIA and/or any indexes to the extent that the HHS seeks to invoke any FOIA exemptions;

D. A judgment declaring that HHS has failed to comply with the time limits under 5 U.S.C. § 552(a)(6) and that search fees may not be assessed under § 552(a)(4)(viii);

E. A judgement granting attorney's fees and costs incurred in relation to this case, pursuant to 5 U.S.C. § 552(a)(4)(E); and

F. All other relief to which AFPI is entitled and that this Court deems just and proper.

**Dated:** April 17, 2023

                                      Respectfully submitted,

                                      <u>/s/ Jessica Hart Steinmann</u>
                                      Jessica Hart Steinmann
                                      (TX Bar No. 2407647)

                                      AMERICA FIRST POLICY INSTITUTE
                                      1635 Rogers Road
                                      Fort Worth, Texas 76107
                                      jsteinmann@americafirstpolicy.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| AMERICA FIRST POLICY INSTITUTE,<br><br>*Plaintiff,*<br><br>-against-<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>*Defendant.* | Civil Action No. |

**COMPLAINT**

AMERICA FIRST POLICY INSTITUTE
Constitutional Litigation Partnership
1001 Pennsylvania Avenue, Suite 530
Washington, D.C. 20004
