## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AMERICA FIRST POLICY INSTITUTE,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>U.S. DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES,<br><br>　　　　*Defendant*. | Civil Action No. 4:23-cv-00369-O |

### JOINT STATUS REPORT REGARDING CONTENTS OF SCHEDULING ORDER

In accordance with the Court's Order Requiring Scheduling Conference and Report for Contents of Scheduling Order ("Order"), entered June 16, 2023 (ECF 13), the parties respectfully submit this Joint Status Report. Part I briefly summarizes the parties' conference and proposal, including proposed scheduling deadlines. Part II addresses the topics set forth in each of the numbered paragraphs of the Court's Order. The parties are separately filing an agreed proposed scheduling order.

**I.　　Summary of the Parties' Conference and Proposal**

The parties conferred by videoconference on June 28, 2023. Jase Panebianco, Patricia Nation, and H. Dustin Fillmore, counsel for Plaintiff, American First Policy Institute ("AFPI"), and Kenneth Turnbull, lead counsel for Defendant, the United Stated Department of Health and Human Services ("HHS"), participated. The same counsel (except for Mr. Fillmore) also conferred by phone on July 7.

This case is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. HHS has completed its searches of documents potentially responsive to AFPI's FOIA requests and has begun reviewing the results for the purpose of producing non-exempt portions of any

responsive records to AFPI. HHS anticipates that it will make its first production of documents on July 31, 2023, and that it will be able to complete its production of documents on October 31, 2023 based on Plaintiff's agreement to exclude certain log-type documents from its second request. Although no settlement was reached, the parties negotiated a schedule for processing documents of 500 pages/month, consistent with other court-endorsed schedules. *See, e.g.*, *Nat'l Sec. Couns. v. U.S. Dep't of Justice*, 848 F.3d 467, 472 (D.C. Cir. 2017) (FBI policy of processing 500 pages per month "serves to promote efficient responses to a larger number of [FOIA] requesters").[1]

The parties respectfully submit that an alternative scheduling order, rather than the Court's standard order, is warranted in this matter, because FOIA cases proceed differently than most civil cases. "Discovery is generally inappropriate in FOIA cases[.]" *Brewer v. U.S. Dep't of Justice*, No. 3:18-CV-1018-B-BH, 2019 WL 3948351, at *5 n.8 (N.D. Tex. July 30, 2019) (quoting *Negley v. FBI*, 589 Fed. Appx. 726, 732 (5th Cir. 2014)), *R. & R. adopted*, 2019 WL 3947132 (N.D. Tex. Aug. 21, 2019); *see also Schiller v. INS*, 205 F.Supp.2d 648, 653 (W.D. Tex. 2002) ("discovery is not part of a FOIA case[.]"). Instead, an agency processes potentially responsive documents and then produces non-exempt portions of responsive agency records. At that point, the case may become moot (if the plaintiff does not challenge the agency's response or does not seek attorney's fees) or the case is decided on summary judgment (if the plaintiff raises challenges). *See Eakin v. U.S. Dep't of Defense*, No. 5:16–cv–00972–RCL, 2017 WL 3301733, at *3 (W.D. Tex. Aug. 2,

---

[1] Numerous other courts have entered processing schedules requiring processing 500 pages per month and producing the non-exempt portions of responsive records. *See, e.g.*, *Blakeney v. FBI*, No. 17-cv-2288 (BAH), 2019 WL 450678, at *2 (D.D.C. Feb. 5, 2019); *Republican Nat'l Comm. v. U.S. Dep't of State*, No. 16-cv-486, 2016 WL 9244625, at *1 (D.D.C. Sept. 16, 2016); *Color of Change v. U.S. Dep't of Homeland Sec.*, 325 F. Supp. 3d 447, 451 (S.D.N.Y. 2018); *Davis v. U.S. Dep't of Homeland Sec.*, No. 11-cv-203 (ARR) (VMS), 2013 WL 3288418, at *1 (E.D.N.Y. June 27, 2013).

2017) ("FOIA cases typically and appropriately are decided on motions for summary judgment.") (citations omitted).

Accordingly, the parties respectfully request that the Court enter the following schedule, which is tailored to this matter. *See United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) ("A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)):

1. Defendant shall make an initial production of documents on July 31, 2023;

2. Thereafter, Defendant shall process potentially responsive documents at the rate of 500 pages per month and produce non-exempt portions of any responsive records on a rolling monthly basis, starting on August 31, 2023, and continuing thereafter until the production is complete; if the last day of the month falls on a weekend or federal holiday, any production is due on the following regular business day;

3. Except for good cause shown, Defendant shall complete the production on October 31, 2023, based on Plaintiff's agreement to exclude certain log-type documents from the scope of its Second Request;

4. The parties shall submit joint status reports concerning the status of Defendant's progress every sixty days, beginning on September 14, 2023; if the filing deadline falls on a weekend or federal holiday, the report shall be due the following regular business day;

5. Upon completion of Defendant's processing and production of documents on October 31, 2023, the parties shall have 30 days to confer regarding any Plaintiff challenges, if any, to Defendant's responses to Plaintiff's FOIA requests (*i.e.*, until November 30, 2023); and

6.       On December 14, 2023, the parties shall submit a status report informing the Court whether any disputes remain and, if so, a proposed schedule for summary judgment briefing.

As noted, the parties are separately filing a proposed order reflecting their agreed proposal.

## II.     The Parties' Response to the Order's Numbered Paragraphs

### 1. Brief statement of claims and defenses

a.       Plaintiff AFPI brought this action under FOIA seeking HHS records responsive to four FOIA requests: (1) 2021-01468-FOIA-PHS; (2) 2021-01723-FOIA-PHS; (3) 2021-01733-FOIA-PHS; and (4) 2021-01734-FOIA-PHS, as described more fully in the Complaint. Compl. ¶¶ 27, 35, 50, 65 (ECF 1). Plaintiff asserts two counts in the Complaint: Count I, *Failure to Comply with FOIA*, and Count II, *Preclusion of Assessment of Fees*. *Id.* at 15-16.

b.       Defendant HHS denies that it has wrongfully withheld records and avers that its processing of records is ongoing. HHS asserts as a defense that Plaintiff is not entitled to information that is exempt from disclosure by one or more exemptions enumerated in the FOIA. *See Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2366 (2019) ("FOIA expressly recognizes that 'important interests [are] served by [its] exemptions,' and '[t]hose exemptions are as much a part of [FOIA's] purpose[s and policies] as the [statute's disclosure] requirement.'" (alterations in original) (quoting *FBI v. Abramson*, 456 U.S. 615, 630-31 (1982); *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018)).

### 2. Proposed time limit to file motions for leave to join other parties

The parties respectfully submit that no joinder of parties is necessary in this FOIA action.

### 3. A proposed time limit to amend the pleadings

The parties respectfully submit that no amendment to the pleadings is necessary in this FOIA action.

4. **Proposed time limits to file various types of motions, including dispositive motions**

The parties anticipate the filing of summary judgment motions if AFPI challenges HHS's response to the FOIA requests. *See Eakin*, 2017 WL 3301733, at *3. The parties respectfully request that the Court defer entering a deadline for summary judgment briefing until: (a) HHS has completed processing potentially responsive documents at the rate of 500 pages/month and producing the non-exempt portions of any responsive records; (b) the parties have met and conferred on any AFPI challenges to HHS's response, if any (no later than November 30, 2023); and (c) the parties have informed the Court, by a Joint Status Report due on December 14, 2023, whether summary judgment briefing is needed and, if so, submit a proposed briefing schedule.

5. **Proposed time limit for initial designation of experts**

The parties respectfully submit that no experts will be necessary in this FOIA action, because any disputes regarding HHS's response to AFPI's FOIA requests will be decided on summary judgment based on "information provided in [the agency's] affidavits or declarations," *Defs. of Wildlife v. U.S. Border Patrol*, 623 F.Supp.2d 83, 87 (D.D.C. 2009), not based on expert opinion or testimony.

6. **Proposed time limit for responsive designation of experts**

The parties respectfully submit that no experts will be necessary in this FOIA action for the reason stated under Item (5) above.

7. **Proposed time limit for objections to experts**

The parties respectfully submit that no experts will be necessary in this FOIA action for the reason stated under Item (5) above.

**8. Proposed plan and schedule for discovery**

The parties respectfully submit that discovery is not contemplated in this FOIA action. *See* Part I, *supra*; *Schiller*, 205 F.Supp.2d at 653 (citing cases).

**9. Changes in the limitations on discovery imposed by rule**

The parties respectfully submit that discovery is not contemplated in this FOIA action for the reason stated in Part I and under Item (8) above.

**10. Proposed means for disclosure or discovery of ESI**

The parties respectfully submit that discovery is not contemplated in this FOIA action for the reason stated in Part I and under Item (8) above.

**11. Proposal regarding handling and protection of privileged/ trial-preparation material**

The parties respectfully submit that no proposal is necessary for the reasons set forth in Part I and under Item (8) above.

**12. Proposed trial date**

The parties respectfully submit that it is not appropriate to set a trial date because, as explained in Part I, "FOIA cases typically and appropriately are decided on motions for summary judgment." *Eakin*, 2017 WL 3301733, at *3 (citations omitted).

**13. Proposed date for further settlement negotiations**

The parties propose that, within 30 days after HHS completes processing potentially responsive documents on October 31, 2023, *i.e.*, by November 30, 2023, the parties meet and confer regarding any AFPI challenges, if any, to HHS's response and, at that time, conduct further settlement negotiations.

**14. Objections to Fed. R. Civ. P. 26(a)(1)**

The parties respectfully submit that the Court waive the requirement to exchange initial disclosures under Rule 26(a)(1). The United States District Court for the District of Columbia has exempted FOIA cases from this requirement, *see* DDC LCvR 16.3(b)(10), because FOIA actions "are actions that typically do not require discovery" and "an initial disclosure requirement would not make sense," *id.*, Cmt. to LCvR 16.3(b).

**15. Whether the parties consent to trial before U.S. Magistrate Judge**

The parties respectfully submit that a trial will not be needed in this case for the reason set forth in Part I and under Item (12) above. In any event, the parties do not consent to a trial before a U.S. Magistrate Judge.

**16. Whether the parties are considering mediation or arbitration to resolve this litigation**

At this time, the parties are not considering mediation or arbitration to resolve this litigation.

**17. Any other proposals regarding scheduling and discovery**

None.

**18. Whether a conference with the Court is desired**

Should the Court be inclined to enter the parties' proposed scheduling order that is being submitted herewith, the parties do not believe that a conference with the Court is necessary at this time. If the Court is inclined to enter a different scheduling order, then the parties request a conference. Of course, if the Court desires that the parties appear for a conference for any reason, the parties welcome a conference.

**19. Any other relevant matters**

None.


Dated: July 14, 2023                           Respectfully submitted,


| | |
|---|---|
| */s/ Jase Panebianco* | BRIAN M. BOYNTON |
| JASE PANEBIANCO | Principal Deputy Assistant Attorney General |
| American Firs Policy Institute | |
| 1001 Pennsylvania Ave. NW, Suite 510 | MARCIA BERMAN |
| Washington, DC 20004 | Assistant Branch Director |
| Telephone: (631) 710-8306 | |
| Email: JPanebianco@americafirstpolicy.com | */s/ Kenneth Y. Turnbull* |
| (Admitted *pro hac vice*) | KENNETH Y. TURNBULL |
| | D.C. Bar. No. 475010 |
| H. DUSTIN FILLMORE | Trial Attorney |
| The Fillmore Law Firm | United States Department of Justice |
| 201 Main Street, Suite 700 | Civil Division, Federal Programs Branch |
| Fort Worth, TX 76102 | 1100 L Street, NW |
| Telephone: (817) 332-2351 | Washington, DC 20005 |
| Email: dusty@fillmorefirm.com | Telephone: (202) 305-1864 |
| | Facsimile: (202) 616-8470 |
| *Counsel for Plaintiff* | Email: kenneth.y.turnbull@usdoj.gov |
| | |
| | *Counsel for Defendant* |