UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AMERICA FIRST POLICY INSTITUTE, *Plaintiff*, v. U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *Defendant*. | Civil Action No. 4:23-cv-00369-O |

**[PROPOSED] AGREED SCHEDULING ORDER**

This is a case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, brought by Plaintiff American First Policy Institute against the United States Department of Health and Human Services. The Defendant has timely answered the complaint, completed its searches for potentially responsive records, and begun to review those materials on a rolling basis; however, Defendant's response to Plaintiff's FOIA requests is not yet completed.

In accordance with the Court's Order Requiring Scheduling Conference and Report for Contents of Scheduling Order, entered June 16, 2023 (ECF 13), the parties submitted a Joint Status Report regarding the topics set forth in that Order on July 14, 2023. As explained in the parties' joint status report, the parties' requested schedule differs from the Court's typical form order because FOIA cases, like this one, generally proceed differently than most civil cases.[1]

---

[1] *See Brewer v. U.S. Dep't of Justice*, No. 3:18-CV-1018-B-BH, 2019 WL 3948351, at *5 n.8 (N.D. Tex. July 30, 2019) ("Discovery is generally inappropriate in FOIA cases[.]") (quoting *Negley v. FBI*, 589 Fed. Appx. 726, 732 (5th Cir. 2014)), *R. & R. adopted*, 2019 WL 3947132 (N.D. Tex. Aug. 21, 2019); *Schiller v. INS*, 205 F.Supp.2d 648, 653 (W.D. Tex. 2002) (same) (citing cases); *Eakin v. U.S. Dep't of Defense*, No. 5:16–cv–00972–RCL, 2017 WL 3301733, at *3 (W.D. Tex. Aug. 2, 2017) ("FOIA cases typically and appropriately are decided on motions for summary judgment.") (citation omitted); *Defs. of Wildlife v. U.S. Border Patrol*, 623 F.Supp.2d

In light of the nature of this FOIA action and the parties' agreement that this case does not require the deadlines typically set in civil cases, the Court finds that there is good cause to enter the parties' proposed agreed scheduling order in lieu of the Court's form order. *See United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) ("A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

Accordingly, **IT IS ORDERED** that:

1. Defendant shall make an initial production of documents on July 31, 2023;

2. Thereafter, Defendant shall process potentially responsive documents at the rate of 500 pages per month and produce non-exempt portions of any responsive records on a rolling monthly basis, starting on August 31, 2023, and continuing thereafter until the production is complete; if the last day of the month falls on a weekend or federal holiday, any production is due on the following regular business day;

3. Except for good cause shown, Defendant shall complete the production on October 31, 2023, based on Plaintiff's agreement to exclude certain log-type documents from the scope of its Second Request;

4. The parties shall submit joint status reports concerning the status of Defendant's progress every sixty days, beginning on September 14, 2023; if the filing deadline falls on a weekend or federal holiday, the report shall be due the following regular business day;

---

83, 87 (D.D.C. 2009) (a court decides summary judgment in a FOIA case based on "information provided in [the agency's] affidavits or declarations," *i.e.*, without expert submissions).

5. Upon completion of Defendant's processing and production of documents on October 31, 2023, the parties shall have 30 days to confer regarding any Plaintiff challenges, if any, to Defendant's responses to Plaintiff's FOIA requests (*i.e.*, until November 30, 2023); and

6. On December 14, 2023, the parties shall submit a status report informing the Court whether any disputes remain and, if so, a proposed schedule for summary judgment briefing.

**SO ORDERD** on this ___ day of _____, 2023

                                                     Reed O'Connor
                                                    UNITED STATES DISTRICT JUDGE